No. 11,701.

STATE EX REL. PLEASANT GIBSON VS. JUDGE ELEVENTH JUDICIAL DISTRICT.

Article 66 of the Constitution has reference to the present incumbent of the court, and he has authority by said article to sit with the Board of Pardons to hear and determine applications for executive clemency. It does not refer to the judge who presided at the trial, as he is no longer presiding judge of the court before which conviction was had.

APPLICATION for a *Mandamus.*

*Farrar, Jonas & Kruttschnitt* for Relator.

Respondent *in propria persona.*

The opinion of the court was delivered by

McENERY, J. This is a *mandamus* proceeding to compel the respondent judge to sit with the Attorney General and Lieutenant Governor "to hear and determine the application of the relator for pardon or commutation of sentence." The relator was indicted for murder, pleaded guilty to manslaughter, and was sentenced, and is now serving his term of imprisonment. He has an application pending for pardon.

The respondent judge's answer is, that he was not the presiding judge before whom the conviction of relator was had, and that Art. 66 of the Constitution has reference to the presiding trial judge.

Article 66 of the Constitution provides that the Governor shall, upon the recommendation in writing of the Lieutenant Governor, Attorney General and presiding judge of the court before which conviction was had, or any two of them, have power to grant pardons, commute sentences and remit fines and forfeitures after conviction.

The language of the article is plain and unambiguous. It provides for a board composed of certain designated officers to consider applications for pardons, commutation of sentences and the remission of fines and forfeitures for the purpose, in meritorious cases, of recommending executive clemency. The article says, the presiding judge of the court before *which* convictions were had. It can not refer to the judge who presided at the trial and who has since ceased

to be judge.  He is no longer the presiding judge, and the fact that he was judge at the time conviction was had can not continue his authority as presiding judge for the particular purpose of passing upon applications for executive clemency in cases which were on trial before him.

The article speaks to the presiding judge of the court. before which conviction was had.  The predecessor of the pending judge is not judge of that court, and the article of the Constitution can have no possible application to him.  The relief prayed for is granted, and the alternative writ is made peremptory.